# EXHIBIT 9

## Case 16-2018-CA-000688-XXXX-MA

| Department | Circuit Civil | Division | CV-C |
|---|---|---|---|
| Case Status | OPEN | File Date | 2/1/2018 11:06:29 AM |
| Judge Name | DEES, ROBERT M | Officer | |
| Private Attorney | Hutchinson, Kacie Kelly | | |

### Parties

| Name / DOB / DL / ID # | Party Type Race / Sex | Address |
|---|---|---|
| GERALDINE BAILEY | PLAINTIFF / | 1300 RIVERPLACE BLVD. SUITE 401 JACKSONVILLE, FL32207 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | DEFENDANT / B | 200 EAST GAINES STREET TALLAHASSEE, FL32399 |

### Attorneys

| Attorney | Address | For Parties |
|---|---|---|
| Hutchinson, Kacie Kelly Private Attorney (16121) | 1300 Riverplace Blvd Ste 401 Jacksonville, FL322071815 | GERALDINE BAILEY (PLAINTIFF) |
| Davey, Brian Private Attorney (152366) | 1300 Riverplace Blvd Ste 401 Jacksonville, FL322071815 | GERALDINE BAILEY (PLAINTIFF) |

### Fees

| Date | Description | Assessed | Paid | Balance |
|---|---|---|---|---|
| 02/01/2018 | SUMMONS($10/ea) 6/17/2017 | $10.00 | $10.00 | $0.00 |
| 02/01/2018 | CIR/GENERALCIVIL 3/1/2012 | $401.00 | $401.00 | $0.00 |

### Dockets

| Line | Count | Effective Entered | Description | Pages | Image |
|---|---|---|---|---|---|
| 1 | -- | 2/1/2018 2/1/2018 | COVER SHEET | 2 | **Request** View on request |
| 2 | -- | 2/1/2018 2/1/2018 | SUMMONS ISSUED /STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | 1 | **Request** View on request |
| 3 | -- | 2/1/2018 2/1/2018 | COMPLAINT | 8 | Available VOR, Ready to view |
| 4 | -- | 2/1/2018 2/1/2018 | NOTICE OF SERVICE OF INTERROGATORIES TO DEFT(PLTF.'S) | 5 | **Request** View on request |
| 5 | -- | 2/1/2018 | REQUEST TO PRODUCE TO DEFT(PLTF.'S FIRST) | 2 | **Request** |

| | | | | | |
|---|---|---|---|---|---|
| | | 2/1/2018 | | | View on request |
| 6 | -- | 2/1/2018<br>2/1/2018 | AUTO NEGLIGENCE CASE | | |
| 7 | -- | 2/1/2018<br>2/1/2018 | CASE FEES PAID: $411.00 ON RECEIPT NUMBER 3111194 | 1 | Available<br>Public access |
| 8 | -- | 2/1/2018<br>2/1/2018 | DEMAND FOR JURY TRIAL | | |
| 9 | -- | 2/21/2018<br>2/21/2018 | NOTICE OF FILING RETURN OF SERVICE ON DEFT/ATTYS FOR PLTFS | 1 | Request<br>View on request |
| 10 | -- | 2/21/2018<br>2/21/2018 | SUMMONS RETURNED INDICATING SERVICE TO STATE FARM INS. CO. ELECTRONICALLY 2/12/18 | 2 | Available<br>Public access |
| 11 | -- | 3/5/2018<br>3/5/2018 | ANSWER TO COMPLAINT | 5 | Request<br>View on request |
| 12 | -- | 3/5/2018<br>3/5/2018 | MOTION TO DISMISS (DEFT) COUNT II OF COMPLAINT | 4 | Request<br>View on request |
| 13 | -- | 3/5/2018<br>3/5/2018 | MOTION TO STRIKE (DEFTS) CERTAIN PARAGRAPHS OF PLTFS COMPLAINT | 3 | Request<br>View on request |
| 14 | -- | 3/6/2018<br>3/7/2018 | REPLY TO AFFIRMATIVE DEFENSES (DEFT'S)/ATTYS FOR PLTF | 2 | Request<br>View on request |

16-2018-CA-000688-XXXX-MA

CV-C

Filing # 67364742 E-Filed 02/01/2018 11:06:29 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

GERALDINE BAILEY,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular the sheriffs of the State:

    YOU ARE COMMANDED to serve this Summons, Complaint, Plaintiff's First Set of Interrogatories to Defendant, and Plaintiff's First Request to Produce to Defendant, in this action on the Defendant:

**State Farm Mutual Automobile Insurance Company**
**c/o Chief Financial Officer as RA**
**200 East Gaines Street**
**Tallahassee, FL 32399**

Each defendant is required to serve written defenses to the Complaint on Plaintiff's attorneys, whose names are Brian W. Davey, Esquire and Kacie K. Hutchinson, Esquire, St. Denis & Davey, P.A. 1300 Riverplace Blvd., Suite 401, Jacksonville, FL 32207, (904) 396-1996 and fax (904) 396-1991 within 20 days after service of this Summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of the this court either before service on Plaintiff's attorneys or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint or Petition.

    WITNESS my hand and the seal of this Court on _Feb 01_ 2018

RONNIE FUSSELL
As Clerk of Court

By: _J. Mitchell_
    Deputy Clerk



Filing # 67364742 E-Filed 02/01/2018 11:06:29 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

GERALDINE BAILEY,

       Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, GERALDINE BAILEY, by and through her undersigned counsel, and sues the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter referred to as "STATE FARM"), and as grounds therefore alleges as follows:

1.     This is for an action for damages in excess of $15,000.00, exclusive of fees, costs, and interest.

2.     At all times material hereto, the Plaintiff was and is a resident of Jacksonville, Duval County, Florida.

3.     At all times material hereto, Defendant STATE FARM was and is a for-profit corporation duly licensed to transact business in the State of Florida and maintained agents for the transaction of its regular business in Jacksonville, Duval County, Florida, and was transacting business in Duval County, Florida.

4.    On or about November 6, 2015, Plaintiff was lawfully operating a motor vehicle involved in a motor vehicle collision with Karla Felder (hereinafter referred to as "negligent motorist"), which occurred on Baymeadows Road in Jacksonville, Duval County, Florida.

**COUNT I**
**UNINSURED/UNDERINSURED MOTORIST CLAIM**

5.    Plaintiff realleges and adopts the foregoing allegations in paragraphs 1 through 4 by reference as if fully stated herein.

6.    The motor vehicle collision giving rise to this count occurred on or about November 6, 2015, on Baymeadows Road in Jacksonville, Duval County, Florida.

7.    Prior to the date of said motor vehicle collision, Defendant STATE FARM issued and delivered an automobile insurance policy to Plaintiff (hereinafter referred to as "Policy") that provided uninsured/underinsured motorist coverage (hereinafter referred to as "UM").

8.    On or about November 6, 2015, on Baymeadows Road in Jacksonville, Duval County, Florida, Karen Felder, the negligent motorist, negligently operated and/or maintained the motor vehicle she was operating so that it wrongfully collided with the vehicle in front of her, which collided with the motor vehicle Plaintiff was operating.

9.    At the time of the motor vehicle collision on November 6, 2015, the negligent motorist was underinsured.

10.    At the time of the motor vehicle collision on November 6, 2015, Plaintiff's State Farm Policy was in full force and effect and provided UM coverage to Plaintiff for injuries, damages, and/or losses that were suffered by Plaintiff as a result of the above referenced motor vehicle collision.

2

11.     As a direct and proximate result of motor vehicle collision on November 6, 2015, Plaintiff has met the tort threshold under Section 627.737(2), Florida Statutes, including, without limitation, suffering a permanent injury within a reasonable degree of medical probability.

12.     As a direct and proximate result of motor vehicle collision on November 6, 2015, Plaintiff suffered bodily injury and resulting pain and suffering, inconvenience, aggravation of a pre-existing condition, activation of latent disease or physical defect, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The injuries and losses are permanent and/or continuing in nature within a reasonable degree of medical probability and the Plaintiff will suffer said losses in the future.

13.     Plaintiff has given Defendant STATE FARM timely notice of all claims covered under the UM coverage of the Policy and has fulfilled all conditions precedent to recovery of UM coverage under the Policy.

14.     Plaintiff is entitled to recover UM coverage under the Policy for injuries, damages or losses that have been suffered by the Plaintiff as a result of the above-described motor vehicle collision.

15.     Defendant STATE FARM has unjustifiably refused to honor its contractual obligations by improperly not providing coverage under the Policy and failing to pay UM benefits owed to the Plaintiff.

16.     Due to Defendant STATE FARM'S refusal to pay UM benefits in accordance with the terms of the Policy and Florida law, Plaintiff had to retain the services of the undersigned attorneys and contracted with them to represent her interests in connection with the Policy and this lawsuit.

3

WHEREFORE, the Plaintiff, GERALDINE BAILEY, demands judgment Defendant STATE FARM for the total damages suffered by Plaintiff, for the full amount of uninsured/underinsured motorist damages under the Policy, attorney's fees pursuant to Section 627.727(8), Florida Statutes, if coverage under the policy is denied or contested in any manner, all costs of this action, pre-judgment and post-judgment interest, trial by jury of all issues so triable, and any all further relief as this Court deems just and proper.

**COUNT II**
**VIOLATIONS OF FLA. STAT. SECTION 624.155**

17.     Plaintiff realleges and adopts the foregoing allegations in paragraphs 1 through 16 by reference as if fully stated herein.

18.     This claim will ripen upon the determination by the Court or by confession of judgment by Defendant STATE FARM that Plaintiff is entitled to the limit of UM benefits under the Policy.

19.     Plaintiff timely reported the claim to Defendant STATE FARM and otherwise complied with all of her obligations under the Policy.

20.     On or about September 14, 2017, Plaintiff filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance and served a copy of the CRN upon Defendant STATE FARM.

21.     As a result of the injuries caused by the negligence of the negligent motorist and the relationship between the parties under the Policy, Defendant STATE FARM owed a duty to Plaintiff to attempt in good faith to settle Plaintiff's uninsured/underinsured motorist claim when under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiff's interests. Defendant STATE FARM further owed to Plaintiff a duty to refrain from engaging in unfair claim settlement practices.

4

22.     Defendant STATE FARM breached its duties to Plaintiff in violation of Section 624.155, Florida Statutes, by:

     a.     not attempting in good faith to settle Plaintiff's uninsured/underinsured motorist claim when under all of the circumstances it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiff's interests, who was an insured, in violation of Section 624.155 (1)(b)(1), Florida Statutes;

     b.     engaging in unfair claims settlement practices in violation of Section 626.954(1)(i)(3) a, d, and f, Florida Statutes.   Specifically, Defendant STATE FARM:

          i.     failed to adopt and implement standards for the proper investigation of claims;

          ii.     failed to acknowledge and act promptly upon communications with respect to claims;

          iii.     denied Plaintiff's UM claim without conducting a reasonable investigation based on the available information; and

          iv.     failed to promptly provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for its denial of the claim or for the offer of a compromise settlement.

23.     The acts complained of herein constituted Defendant STATE FARM'S general business practices in that they (a) were expressions of, and in compliance with, standard

company practices and procedures, (b) are said by Defendant STATE FARM to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

24.    As a direct and proximate result Defendant STATE FARM'S actions and/or inactions as set forth above, Plaintiff has been damaged.

25.    Defendant STATE FARM failed to cure its bad faith and more than sixty (60) days has passed since the filing and service date of the CRN.

26.    As a result of Defendant STATE FARM'S failure to act in good faith and statutory violations alleged above, Plaintiff is entitled to recover the total amount of her damages pursuant to Section 627.727(10), Florida Statutes, including all damages suffered as a result of the collision on November 6, 2015, and all damages caused by Defendant STATE FARM'S failure to act in good faith and statutory violations alleged above.

27.    Defendant STATE FARM'S violation of Section 624.155, Florida Statutes, has caused damages to the Plaintiff including interest on unpaid benefits, pre-judgment interest accrued since the date of Defendant STATE FARM'S violation, attorneys' fees incurred by Plaintiff in the prosecution of her claim for UM benefits, costs incurred in the prosecution of Plaintiff's claim for UM benefits including expert witness fees, costs incurred in the prosecution of Plaintiff's claim for violation of Section 624.155, Florida Statutes, and post-judgment interest.

28.    As a further direct and proximate result of Defendant STATE FARM'S failure to act in good faith and statutory violations alleged above, Plaintiff had to retain the services of the undersigned attorneys and contracted with them for the payment of her attorneys' fees to bring this action and recover the excess damages owed by Defendant STATE FARM.  By operation of

law, including Section 627.428, Florida Statutes, Defendant STATE FARM will be obligated to pay those fees upon the successful conclusion of Plaintiff's claim.

29.     All conditions precedent to Plaintiff's rights to bring this action have occurred or have been satisfied.

WHEREFORE, the Plaintiff, GERALDINE BAILEY, demands judgment against Defendant STATE FARM for the total damages suffered by Plaintiff, pre-judgment and post-judgment interest, attorneys' fees pursuant to Sections 624.155, 627.727(10), and 627.428, Florida Statutes, costs, trial by jury of all issues so triable, and other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, GERALDINE BAILEY, demands trial by jury on all issues so triable against Defendant STATE FARM.

Dated this ____1st____ day of February, 2018.

ST. DENIS & DAVEY, P.A.

BRIAN W. DAVEY, ESQUIRE
Florida Bar No.: 0152366
brian@sdtriallaw.com
KACIE K. HUTCHINSON, ESQUIRE
Florida Bar No.: 0016121
kacie@sdtriallaw.com
1300 Riverplace Boulevard, Suite 401
Jacksonville, FL 32207
(904) 396-1996 – Telephone
(904) 396-1991 – Facsimile
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Complaint has been

delivered to the Chief Financial Officer to be forwarded to Defendant.

_____

Attorney

8

16-2018-CA-000688-XXXX-MA

CV-C

Filing # 67364742 E-Filed 02/01/2018 11:06:29 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

GERALDINE BAILEY,

     Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, **GERALDINE BAILEY**, by and through her undersigned counsel, hereby

gives notice that her First Set of Interrogatories, numbered 1 through 11, have been served on

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, by

serving the Chief Financial Officer.

Dated this 1st day of February, 2018.

                      **ST. DENIS & DAVEY, P.A.**

                      _____
                      **BRIAN W. DAVEY, ESQUIRE**
                      Florida Bar No.: 0152366
                      brian@sdtriallaw.com
                      **KACIE K. HUTCHINSON, ESQUIRE**
                      Florida Bar No.: 0016121
                      kacie@sdtriallaw.com
                      1300 Riverplace Boulevard, Suite 401
                      Jacksonville, FL 32207
                      (904) 396-1996 – Telephone
                      (904) 396-1991 – Facsimile
                      Attorneys for Plaintiffs

## FIRST SET OF INTERROGATORIES TO DEFENDANT

In accordance with Rules 1.340 and 1.280, Florida Rules of Civil Procedure, you are required within the time provided for by said Rules, to answer under oath and in writing the following interrogatories:

1. What is your name, address, and, if you are answering for someone else, your official position?

2. Describe in detail how the accident happened, including all actions taken by the negligent motorist, Karla Felder, to prevent the accident.

3. Describe in detail, each act or omission on the part of Plaintiff you contend constituted or may constitute negligence or that was a contributing legal cause of the accident in question.

4. Do you contend any person or entity other than yourself is, or may be, liable in whole or in part for the claims asserted against State Farm in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such entity of your connection.

5. List the names and addresses of all persons who are believed or known by State Farm, its agents, or its attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which the witness has knowledge.

6. Have you heard or do you or any State Farm representative know about any statement or remark by or on behalf of any party or non-party to this lawsuit, concerning any issues in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

7. Was the negligent motorist, Karla Felder, charged with any violation of law arising out of the incident referred to in the Complaint? If so:

   (a) What plea did the negligent motorist enter to the charge;

   (b) What court was the charge heard in;

   (c) What was the nature of the charge; and

   (d) Was the testimony of any trial on the charge recorded in any manner, and if so, what was the name and address of the person who recorded the testimony?

8. Please state the name of the insurance company providing UM coverage to Plaintiff for the subject accident. Additionally, please state the amount of coverage provided and the policy number of each policy.

9. State the name and address of every person known to State Farm, its agents, or its attorneys, who has knowledge about, or possession, custody, or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each. What such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

10. Was the motor vehicle that the negligent motorist was driving at the time of the incident described in the Complaint damaged in the incident? If so, please state the cost to repair the damage and the name and address of the person who repaired it.

11. Does State Farm intend to call any expert witness at the trial of this case? If so, identify each witness; describe the qualifications of the expert; state the subject matter upon which he/she is expected to testify; state the substance of the facts and opinions to which he/she is expected to testify; and give a summary of the grounds for each opinion.

_____

On behalf of STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

STATE OF _____     )
COUNTY OF _____.     )

      The foregoing instrument, Answers to First Set of Interrogatories, was acknowledge

before me this _____ day of _____, 2018, by _____,

a representative of State Farm Mutual Automobile Insurance Company, who is personally known

to me or who had produced _____(*type of identification*) as identification,

and who did take an oath, and deposes and says that the foregoing Answers to First Set of

Interrogatories are true and correct to the best of his/her knowledge and belief.

_____

Notary Public, State of Florida

(Affix Notary Stamp)

16-2018-CA-000688-XXXX-MA

CV-C

Filing # 67364742 E-Filed 02/01/2018 11:06:29 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

GERALDINE BAILEY,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

    Pursuant to Rules 1.350 and 1.280 of the Florida Rules of Civil Procedure, Plaintiff, GERALDINE BAILEY, by and through her undersigned attorneys, hereby requests that the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, produce and permit the Plaintiff to inspect and copy each of the following documents:

1. Any and all photographs taken for use in this litigation.

2. Any photographs depicting the accident scene or any vehicle involved in the collision/accident.

3. Copies of all insurance policies providing coverage of the accident complained of.

4. Each and every statement given by Plaintiff to Defendant or any of the Defendant's agents or representatives.

5. A copy of all estimates, invoices, billings, or similar items which in any way pertain to any damages suffered by any motor vehicle in the collision which is the subject of the litigation.

ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 02/01/2018 01:37:27 PM

6. Any and all medical records of the Plaintiff.

7. Any and all medical bills of the Plaintiff.

8. Any and all reports from any medical providers on the medical condition of the Plaintiff.

9. Any tangible evidence which the Defendant intends to use in this litigation.

ST. DENIS & DAVEY, P.A.

_____

BRIAN W. DAVEY, ESQUIRE
Florida Bar No.: 0152366
brian@sdtriallaw.com
KACIE K. HUTCHINSON, ESQUIRE
Florida Bar No.: 0016121
kacie@sdtriallaw.com
1300 Riverplace Boulevard, Suite 401
Jacksonville, FL 32207
(904) 396-1996 – Telephone
(904) 396-1991 – Facsimile
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Request to Produce has been delivered to the Chief Financial Officer with the Complaint to be forwarded to Defendant.

_____
Attorney

2



**RONNIE FUSSELL**

CLERK OF THE CIRCUIT AND COUNTY COURTS

JACKSONVILLE, DUVAL COUNTY, FLORIDA

**RECEIPT**
3111194

Printed On:
02/01/2018 01:37
Page 1 of 1

| Receipt Number: 3111194 - Date 02/01/2018  Time 1:37PM | |
|---|---|
| **Received of:** | Brian W. Davey<br>1300 Riverplace Boulevard<br>Suite 401<br>Jacksonville, FL 32207 |

| | | | |
|---|---|---|---|
| **Cashier Name:** | EFile | **Balance Owed:** | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** | 6372877 | **Remaining Balance:** | 0.00 |
| **Division:** | CV-C(Circuit) | | |

| Case# 16-2018-CA-000688-XXXX-MA -- PLAINTIFF: BAILEY, GERALDINE | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFILING | 20596196 | **411.00** |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

## The clerk of courts is here to help you.

| We can be found online at: | **WWW.DUVALCLERK.COM** |
|---|---|
| The main courthouse Location is: | **Clerk of the Circuit and County Courts**<br>**Duval County, Florida**<br>501 West Adams Street<br>Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | **Neptune Beach Courthouse Annex**<br>1543 Atlantic Blvd<br>Neptune Beach, Florida 32266 |

Filing # 68172867 E-Filed 02/21/2018 09:23:10 AM



CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
*18-000033463*

GERALDINE BAILEY

PLAINTIFF(S)

VS.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

DEFENDANT(S)

_____/

SUMMONS, COMPLAINT, DISCOVERY

| CASE #: | 16-2018-CA-000688-XXXX-MA |
|---|---|
| COURT: | CIRCUIT COURT |
| COUNTY: | DUVAL |
| DFS-SOP #: | 18-000033463 |

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on Friday, February 9, 2018 and a copy was forwarded by ELECTRONIC DELIVERY on Monday, February 12, 2018 to the designated agent for the named entity as shown below.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent fillings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

BRIAN W DAVEY
1300 RIVERPLACE BOULEVARD
SUITE 401
JACKSONVILLE, FL 32207

DKG

Office of the General Counsel - Service of Process Section
200 East Gaines Street - P.O. Box 6200 - Tallahassee, FL 32314-6200 - (850)413-4200

16-2018-CA-000688-XXXX-MA

CV-C

Filing # 67364742 E-Filed 02/01/2018 11:06:29 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

GERALDINE BAILEY,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To all and singular the sheriffs of the State:

      YOU ARE COMMANDED to serve this Summons, Complaint, Plaintiff's First Set of Interrogatories to Defendant, and Plaintiff's First Request to Produce to Defendant, in this action on the Defendant:

           State Farm Mutual Automobile Insurance Company
                  c/o Chief Financial Officer as RA
                    200 East Gaines Street
                    Tallahassee, FL 32399

Each defendant is required to serve written defenses to the Complaint on Plaintiff's attorneys, whose names are Brian W. Davey, Esquire and Kacie K. Hutchinson, Esquire, St. Denis & Davey, P.A. 1300 Riverplace Blvd., Suite 401, Jacksonville, FL 32207, (904) 396-1996 and fax (904) 396-1991 within 20 days after service of this Summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of the this court either before service on Plaintiff's attorneys or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint or Petition.

      WITNESS my hand and the seal of this Court on  Feb 01 .2018
                    RONNIE FUSSELL
                    As Clerk of Court

                    By: _____
                            Deputy Clerk