16-2018-CA-000688-XXXX-MA
CV-C

Filing # 67364742 E-Filed 02/01/2018 11:06:29 AM

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

GERALDINE BAILEY,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

_______________________________/

**COMPLAINT**

COMES NOW the Plaintiff, GERALDINE BAILEY, by and through her undersigned counsel, and sues the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter referred to as "STATE FARM"), and as grounds therefore alleges as follows:

1. This is for an action for damages in excess of $15,000.00, exclusive of fees, costs, and interest.

2. At all times material hereto, the Plaintiff was and is a resident of Jacksonville, Duval County, Florida.

3. At all times material hereto, Defendant STATE FARM was and is a for-profit corporation duly licensed to transact business in the State of Florida and maintained agents for the transaction of its regular business in Jacksonville, Duval County, Florida, and was transacting business in Duval County, Florida.

ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 02/01/2018 01:37:27 PM

4. On or about November 6, 2015, Plaintiff was lawfully operating a motor vehicle involved in a motor vehicle collision with Karla Felder (hereinafter referred to as "negligent motorist"), which occurred on Baymeadows Road in Jacksonville, Duval County, Florida.

**COUNT I**
**UNINSURED/UNDERINSURED MOTORIST CLAIM**

5. Plaintiff realleges and adopts the foregoing allegations in paragraphs 1 through 4 by reference as if fully stated herein.

6. The motor vehicle collision giving rise to this count occurred on or about November 6, 2015, on Baymeadows Road in Jacksonville, Duval County, Florida.

7. Prior to the date of said motor vehicle collision, Defendant STATE FARM issued and delivered an automobile insurance policy to Plaintiff (hereinafter referred to as "Policy") that provided uninsured/underinsured motorist coverage (hereinafter referred to as "UM").

8. On or about November 6, 2015, on Baymeadows Road in Jacksonville, Duval County, Florida, Karen Felder, the negligent motorist, negligently operated and/or maintained the motor vehicle she was operating so that it wrongfully collided with the vehicle in front of her, which collided with the motor vehicle Plaintiff was operating.

9. At the time of the motor vehicle collision on November 6, 2015, the negligent motorist was underinsured.

10. At the time of the motor vehicle collision on November 6, 2015, Plaintiff's State Farm Policy was in full force and effect and provided UM coverage to Plaintiff for injuries, damages, and/or losses that were suffered by Plaintiff as a result of the above referenced motor vehicle collision.

11. As a direct and proximate result of motor vehicle collision on November 6, 2015, Plaintiff has met the tort threshold under Section 627.737(2), Florida Statutes, including, without limitation, suffering a permanent injury within a reasonable degree of medical probability.

12. As a direct and proximate result of motor vehicle collision on November 6, 2015, Plaintiff suffered bodily injury and resulting pain and suffering, inconvenience, aggravation of a pre-existing condition, activation of latent disease or physical defect, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The injuries and losses are permanent and/or continuing in nature within a reasonable degree of medical probability and the Plaintiff will suffer said losses in the future.

13. Plaintiff has given Defendant STATE FARM timely notice of all claims covered under the UM coverage of the Policy and has fulfilled all conditions precedent to recovery of UM coverage under the Policy.

14. Plaintiff is entitled to recover UM coverage under the Policy for injuries, damages or losses that have been suffered by the Plaintiff as a result of the above-described motor vehicle collision.

15. Defendant STATE FARM has unjustifiably refused to honor its contractual obligations by improperly not providing coverage under the Policy and failing to pay UM benefits owed to the Plaintiff.

16. Due to Defendant STATE FARM'S refusal to pay UM benefits in accordance with the terms of the Policy and Florida law, Plaintiff had to retain the services of the undersigned attorneys and contracted with them to represent her interests in connection with the Policy and this lawsuit.

WHEREFORE, the Plaintiff, GERALDINE BAILEY, demands judgment Defendant STATE FARM for the total damages suffered by Plaintiff, for the full amount of uninsured/underinsured motorist damages under the Policy, attorney's fees pursuant to Section 627.727(8), Florida Statutes, if coverage under the policy is denied or contested in any manner, all costs of this action, pre-judgment and post-judgment interest, trial by jury of all issues so triable, and any all further relief as this Court deems just and proper.

**COUNT II**
**VIOLATIONS OF FLA. STAT. SECTION 624.155**

17. Plaintiff realleges and adopts the foregoing allegations in paragraphs 1 through 16 by reference as if fully stated herein.

18. This claim will ripen upon the determination by the Court or by confession of judgment by Defendant STATE FARM that Plaintiff is entitled to the limit of UM benefits under the Policy.

19. Plaintiff timely reported the claim to Defendant STATE FARM and otherwise complied with all of her obligations under the Policy.

20. On or about September 14, 2017, Plaintiff filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance and served a copy of the CRN upon Defendant STATE FARM.

21. As a result of the injuries caused by the negligence of the negligent motorist and the relationship between the parties under the Policy, Defendant STATE FARM owed a duty to Plaintiff to attempt in good faith to settle Plaintiff's uninsured/underinsured motorist claim when under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiff's interests. Defendant STATE FARM further owed to Plaintiff a duty to refrain from engaging in unfair claim settlement practices.

22. Defendant STATE FARM breached its duties to Plaintiff in violation of Section 624.155, Florida Statutes, by:

a. not attempting in good faith to settle Plaintiff's uninsured/underinsured motorist claim when under all of the circumstances it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiff's interests, who was an insured, in violation of Section 624.155 (1)(b)(1), Florida Statutes;

b. engaging in unfair claims settlement practices in violation of Section 626.954(1)(i)(3) a, d, and f, Florida Statutes. Specifically, Defendant STATE FARM:

i. failed to adopt and implement standards for the proper investigation of claims;

ii. failed to acknowledge and act promptly upon communications with respect to claims;

iii. denied Plaintiff's UM claim without conducting a reasonable investigation based on the available information; and

iv. failed to promptly provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for its denial of the claim or for the offer of a compromise settlement.

23. The acts complained of herein constituted Defendant STATE FARM'S general business practices in that they (a) were expressions of, and in compliance with, standard

company practices and procedures, (b) are said by Defendant STATE FARM to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

24. As a direct and proximate result Defendant STATE FARM'S actions and/or inactions as set forth above, Plaintiff has been damaged.

25. Defendant STATE FARM failed to cure its bad faith and more than sixty (60) days has passed since the filing and service date of the CRN.

26. As a result of Defendant STATE FARM'S failure to act in good faith and statutory violations alleged above, Plaintiff is entitled to recover the total amount of her damages pursuant to Section 627.727(10), Florida Statutes, including all damages suffered as a result of the collision on November 6, 2015, and all damages caused by Defendant STATE FARM'S failure to act in good faith and statutory violations alleged above.

27. Defendant STATE FARM'S violation of Section 624.155, Florida Statutes, has caused damages to the Plaintiff including interest on unpaid benefits, pre-judgment interest accrued since the date of Defendant STATE FARM'S violation, attorneys' fees incurred by Plaintiff in the prosecution of her claim for UM benefits, costs incurred in the prosecution of Plaintiff's claim for UM benefits including expert witness fees, costs incurred in the prosecution of Plaintiff's claim for violation of Section 624.155, Florida Statutes, and post-judgment interest.

28. As a further direct and proximate result of Defendant STATE FARM'S failure to act in good faith and statutory violations alleged above, Plaintiff had to retain the services of the undersigned attorneys and contracted with them for the payment of her attorneys' fees to bring this action and recover the excess damages owed by Defendant STATE FARM. By operation of

law, including Section 627.428, Florida Statutes, Defendant STATE FARM will be obligated to pay those fees upon the successful conclusion of Plaintiff's claim.

29. All conditions precedent to Plaintiff's rights to bring this action have occurred or have been satisfied.

WHEREFORE, the Plaintiff, GERALDINE BAILEY, demands judgment against Defendant STATE FARM for the total damages suffered by Plaintiff, pre-judgment and post-judgment interest, attorneys' fees pursuant to Sections 624.155, 627.727(10), and 627.428, Florida Statutes, costs, trial by jury of all issues so triable, and other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, GERALDINE BAILEY, demands trial by jury on all issues so triable against Defendant STATE FARM.

Dated this 1st day of February, 2018.

**ST. DENIS & DAVEY, P.A.**

______________________________
**BRIAN W. DAVEY, ESQUIRE**
Florida Bar No.: 0152366
brian@sdtriallaw.com
**KACIE K. HUTCHINSON, ESQUIRE**
Florida Bar No.: 0016121
kacie@sdtriallaw.com
1300 Riverplace Boulevard, Suite 401
Jacksonville, FL 32207
(904) 396-1996 – Telephone
(904) 396-1991 – Facsimile
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Complaint has been delivered to the Chief Financial Officer to be forwarded to Defendant.

Attorney