IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2018-CA-000688
DIVISION: CV-C

**GERALDINE BAILEY**,

    Plaintiff,

vs.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**,

    Defendant.
_____/

## ANSWER

Defendant, State Farm Mutual Automobile Insurance Company, answers the complaint of Plaintiff, Darius Bailey, and says:

1. Defendant admits the allegations of paragraph one of the Complaint for jurisdictional purposes only, otherwise, Defendant denies those allegations.

2. Defendant admits the allegations of paragraph two of the Complaint.

3. Defendant admits that at all times material hereto, it was a foreign corporation licensed to conduct business in the State of Florida. Otherwise, Defendant denies the allegations of paragraph three of the Complaint.

4. With regard to the allegations of paragraph four of the Complaint, Defendant admits that on November 6, 2015, the Plaintiff was operating a motor vehicle on Baymeadows Road in Jacksonville, Duval County, Florida, when she was involved in an accident with another motor vehicle operated by Karla Felder. Otherwise, Defendant denies the allegations of paragraph four of the Complaint.

5. Defendant re-alleges and adopts its responses to paragraphs one through four above.

6. Defendant admits the allegations of paragraph six of the complaint.

7. Defendant admits that at the time of the subject accident, the Plaintiff was insured under a policy of insurance, issued by Defendant, which provides Underinsured Motorist Coverage, subject to its terms and conditions. Otherwise, Defendant denies the allegations of paragraph seven of the Complaint.

8. With regard to the allegations of paragraph eight of the complaint, Defendant admits that on November 6, 2015, the Plaintiff was operating a motor vehicle on Baymeadows Road in Jacksonville, Duval County, Florida, when she was involved in an accident with another motor vehicle operated by Karla Felder. Otherwise, Defendant denies the allegations of paragraph eight of the Complaint.

9. Defendant denies the allegations of paragraph nine of the Complaint.

10. Defendant admits that at the time of the subject accident, the Plaintiff was insured under a policy of insurance, issued by Defendant, and which provides Underinsured Motorist Coverage, subject to its terms and conditions. Otherwise, Defendant denies the allegations of paragraph ten of the Complaint.

11. Defendant denies the allegations of paragraph eleven of the Complaint.

12. Defendant denies the allegations of paragraph twelve of the Complaint.

13. Regarding the allegations of paragraph thirteen of the Complaint, Defendant admits that all conditions precedent under the terms of the policy to maintain a claim have been satisfied but otherwise cannot admit the allegations of paragraph thirteen as worded, because not all of the elements of a cause of action for uninsured motorist coverage (negligence on the part of

an uninsured or underinsured motorist, legal causation, permanency, and damages) are alleged therein so as to entitle the Plaintiff to benefits under the subject policy.

14. Regarding the allegations of paragraph fourteen of the complaint, Defendant admits that all conditions precedent under the terms of the policy to maintain a claim have been satisfied but otherwise cannot admit the allegations of paragraph fourteen as worded because not all of the elements of a cause of action for uninsured motorist coverage (negligence on the part of an uninsured or underinsured motorist, legal causation, permanency, and damages) are alleged therein so as to entitle the Plaintiff to benefits under the subject policy.

15. Defendant denies the allegations of paragraph fifteen of the complaint.

16. Defendant denies the allegations of paragraph sixteen of the complaint, and further moves to strike this paragraph as set forth in Defendant's Motion to Strike.

17. Defendant re-alleges and adopts its responses to paragraphs one through sixteen above.

18. Defendant denies the allegations of paragraph eighteen, and further moves to dismiss this paragraph as set forth in Defendant's Motion to Dismiss.

19. Defendant denies the allegations of paragraph nineteen, and further moves to dismiss this paragraph as set forth in Defendant's Motion to Dismiss.

20. Defendant denies the allegations of paragraph twenty, and further moves to dismiss this paragraph as set forth in Defendant's Motion to Dismiss.

21. Defendant denies the allegations of paragraph twenty-one, and further moves to dismiss this paragraph as set forth in Defendant's Motion to Dismiss.

22. Defendant denies the allegations of paragraph twenty-two, and further moves to dismiss this paragraph as set forth in Defendant's Motion to Dismiss.

23. Defendant denies the allegations of paragraph twenty-three, and further moves to dismiss this paragraph as set forth in Defendant's Motion to Dismiss.

24. Defendant denies the allegations of paragraph twenty-four, and further moves to dismiss this paragraph as set forth in Defendant's Motion to Dismiss.

25. Defendant denies the allegations of paragraph twenty-five, and further moves to dismiss this paragraph as set forth in Defendant's Motion to Dismiss.

26. Defendant denies the allegations of paragraph twenty-six, and further moves to dismiss this paragraph as set forth in Defendant's Motion to Dismiss.

27. Defendant denies the allegations of paragraph twenty-seven, and further moves to dismiss this paragraph as set forth in Defendant's Motion to Dismiss.

28. Defendant denies the allegations of paragraph twenty-eight, and further moves to dismiss this paragraph as set forth in Defendant's Motion to Dismiss.

29. Defendant denies the allegations of paragraph twenty-nine, and further moves to dismiss this paragraph as set forth in Defendant's Motion to Dismiss.

## AFFIRMATIVE DEFENSES

21. Defendant is entitled to a set-off for any contractual or other discount given by medical care providers to any collateral source payments for past medical expenses incurred by Plaintiffs.

22. Plaintiff is seeking uninsured or underinsured motor vehicle benefits which duplicate the benefits available to them under Workers' Compensation law, personal injury protection coverage law, disability benefits law, or similar law, under automobile medical expense coverage, under motor vehicle liability insurance coverage, or from the owner or operator of an underinsured or uninsured motor vehicle, or any other person or organization

jointly or severally liable together with such owner or operator of the vehicle. By the terms of section 627.727, Florida Statutes, Plaintiff may not recover underinsured or uninsured motor vehicle coverage benefits to the extent of such duplication.

Professional Association

_/s/ Brian M. Guter_

**Jerilynn M. O'Hara, Esquire**
Florida Bar No. 564842
**Brian M. Guter, Esquire**
Florida Bar No. 0113681
4811 Beach Boulevard, Suite 303
Jacksonville, FL 32207
Telephone (904) 346-3166
Facsimile (904) 346-5445
Attorneys for Defendants
eService: eService@oharalawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to Brian W. Davey, Esquire, and Kacie K. Hutchinson, Esquire, at 1300 Riverplace Boulevard, Ste. 101, Jacksonville, FL 32207, via eservice at brian@sdtriallaw.com and Kacie@sdtriallaw.com on this 5th day of March, 2018.

_/s/ Brian M. Guter_
_____
Brian M. Guter