IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:16-2018-CA-000688
DIVISION:CV-C

GERALDINE BAILEY,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS
## COUNT II OF COMPLAINT

    Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), files this Motion to Dismiss Count II of Plaintiff's Complaint. Count II asserts a claim for insurer bad faith pursuant to § 624.155, Florida Statutes, and should be dismissed for failure to state a cause of action as it fails to allege (and surely cannot allege at this time) ultimate facts to show each and every element of the cause of action, in that the cause of action has not accrued and is not ripe.

### Background and Summary of Argument

    Plaintiff, Geraldine Bailey, was involved in simple rear-end motor vehicle accident on November 6, 2015. Plaintiff subsequently initiated this action against State Farm to recover underinsured motorist ("UM") benefits under a policy of automobile insurance with State Farm. Plaintiff alleges that the driver of the other vehicle involved in the accident was negligent in causing the accident and that Plaintiff suffered injuries and damages as a result. Plaintiff further

alleges that the driver and owner of the other vehicle involved in the accident was "underinsured" in that Plaintiff's damages exceed the limits of the available liability coverage.

Plaintiff's complaint asserts, in addition to her claim for UM benefits, a claim for first-party statutory bad faith under § 624.155, Florida Statutes. For the reasons set forth below, Plaintiff's Count II is subject to dismissal.

## Memorandum of Law

### I. Plaintiff has failed to state a cause of action for statutory insurer bad faith

In Fridman v. Safeco Ins. Co. of Illionois, the Florida Supreme Court held that the full measure of a plaintiff's damages in a case asserting a claim for UM benefits, like the instant case, should be determined *before* filing a first-party bad faith action, which is what the Plaintiff attempts to do in Count II. 185 So. 3d 1214, 1220 (Fla. 2016) (*emphasis added*). Fridman is the latest in a long line of cases from the Florida Supreme Court holding that a determination of liability and the full extent of damages is a *prerequisite* to a bad faith cause of action. See Vest v. Travelers Ins. Co., 753 So. 2d 1270, 1275 (Fla. 2000); Imhof v. Nationwide Mut. Ins. Co., 643 So. 2d 617, 619 (Fla. 1994), receded from on other grounds; State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, 63 (Fla. 1995); Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991).

The Florida Supreme Court declared in Fridman that the determination of damages in a *prior* UM case is then binding as an element of damages in the *subsequent* first-party bad faith action against the same insurer so long as the parties had the right to appeal any properly preserved errors. 185 So. 3d 1214, 1220. (*emphasis added*). The Supreme Court continued that the insured is not obligated to obtain the determination of liability and full extent of damages through a trial, but the insured may utilize other means of doing so, such as an agreed settlement, arbitration, or

stipulation *before* initiating a bad faith action. Id., at 1224. (*emphasis added*).

There is no question, based on Fridman, and the cases before it, that a first-party bad faith action cannot be brought until after a determination of liability and the extent of damages. This is a logical conclusion since the failure to allege a determination of damages bars an action for bad faith damages under § 624.155, Florida Statutes. Imhof, 643 So. 2d at 618. However, when a first-party bad faith claim is simultaneously pled with an action for UM benefits, the Court is faced with either abatement of dismissal of the bad faith claim.

While Fridman recognizes abatement of a bad faith claim as an appropriate procedural tool when the bad faith action is prematurely pled, it does not stand for the proposition that dismissal is inappropriate. 185 So. 3d 1214, 1230. A dismissal without prejudice of the bad faith action likewise allows the insured to amend the pleadings if and when the bad faith ripens. See Vest, 753 So. 2d 1270, 1276 (holding that premature bad faith claims "should be dismissed"). State Farm submits that, in the interest of judicial economy, the Court should exercise its discretion and dismiss Count II of Plaintiff's Complaint. Unless and until the courts begin dismissing premature bad faith claims such as the one pled in Count II herein, the judicial system will be filled with premature causes of action pled with the knowledge of, at the minimum, inevitable abatement. The practice of simultaneous UM and bad faith actions will continue to waste the Court's time seeking abatement or dismissal of such claims.

Wherefore, State Farm requests this honorable Court dismiss Counts II of Plaintiff's Complaint.

                                                 **O'HARA LAW FIRM,**
                                                 Professional Association

Jerilynn M. O'Hara, Esquire
Florida Bar No. 564842
**Brian M. Guter, Esquire**
Florida Bar No. 0113681
4811 Beach Boulevard, Suite 303
Jacksonville, FL   32207
Telephone (904) 346-3166
Facsimile (904) 346-5445
Attorneys for Defendants
eService: eService@oharalawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy hereof has been furnished to Brian W. Davey, Esquire, and Kacie K. Hutchinson, Esquire, at 1300 Riverplace Boulevard, Ste. 101, Jacksonville, FL 32207, via eservice at brian@sdtriallaw.com and Kacie@sdtriallaw.com on this 5th day of March, 2018.

Brian M. Guter