IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2018-CA-000688
DIVISION: CV-C

**GERALDINE BAILEY**,

    Plaintiff,

vs.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**,

    Defendant.

_____/

**DEFENDANT'S MOTION TO STRIKE
CERTAIN PARAGRAPHS OF PLAINTIFF'S COMPLAINT**

Defendant, State Farm Mutual Automobile Insurance Company, by and through the undersigned counsel, and pursuant to the applicable Rules of Civil Procedure, moves the Court for entry of an order striking paragraph 16 from the Plaintiff's complaint, as well as the clause "attorney's fees pursuant to Section 627.727(8), Florida Statutes, if coverage under the policy is denied or contested in any manner" in the "WHEREFORE" clause in Count I of the Complaint. In support of this motion, Defendant states:

    1.    On February 1, 2018, the Plaintiff filed a two-count complaint against the Defendant seeking, in Count I, underinsured motorist benefits under a policy of automobile insurance.[1]

---

[1] The Plaintiff's complaint erroneously pleads a claim for insurer bad faith pursuant to section 624.155, Florida Statutes, in Count II. See Fridman v. Safeco Ins. Co. of Illinois, 185 So. 3d 1214 (Fla. 2016); Vest v. Travelers Ins. Co., 753 So. 2d 1270, 1276 (Fla. 2000) (holding a claim for insured bad faith is premature before a determination of an insured's damages). Count II of the Plaintiff's Complaint is currently the subject of a pending Motion to Dismiss.

2. Paragraph 16 of Count I alleges that the Plaintiff was forced to incur attorney's fees. The Plaintiff then requests an award for her attorneys' fees in her prayer.

3. Plaintiffs' attorneys fees are not recoverable in this action as set forth below and thus paragraph 16 and the reference to attorney's fees in the prayer of Count I are due to be stricken pursuant to Rule 1.140, Florida Rules of Civil Procedure as redundant, immaterial, impertinent, or scandalous.

4. Pursuant to Florida law, an insured is not entitled to recover attorneys' fees against an Uninsured or Underinsured Motorist insurer absent an issue of uninsured or underinsured motorist coverage. See State Farm Mut. Auto. Ins. Co. v. Petersen, 855 So. 2d 1248, 1249-50 (Fla. 4th DCA 2003) ("[u]nder section 627.727(8)[,Fla. Stat] in order to demonstrate entitlement to fees in a UM action, there must be a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident"). The Florida Supreme Court has further held that even attorneys' fees that might otherwise be awarded under section 627.428, Fla. Stat., are limited in UM actions where there is a dispute over whether the policy provides coverage. Moore v. Allstate Insurance Co., 570 So. 2d 291, 293 (Fla. 1990).

5. The present case does not involve a dispute of coverage; rather, the parties dispute liability, causation, and damages, including permanency. As such, paragraph 16, as well as the clause "attorney's fees pursuant to Section 627.727(8), Florida Statutes, if coverage under the policy is denied or contested in any manner" in the "WHEREFORE" clause of Count I should be stricken from the Plaintiffs' complaint.

WHEREFORE Defendant, State Farm Mutual Automobile Insurance Company, prays that this honorable Court grant its Motion and strike paragraph 16, as well as the clause "attorney's fees pursuant to Section 627.727(8), Florida Statutes, if coverage under the policy is

denied or contested in any manner" in the "WHEREFORE" clause of Count I from the Plaintiff's Complaint.

                            O'HARA LAW FIRM,
                            Professional Association

**Jerilynn M. O'Hara, Esquire**
Bar No.: 564842
**Brian M. Guter, Esquire**
Bar No.: 0113681
4811 Beach Boulevard, Suite 303
Jacksonville, FL 32207
Telephone (904) 346-3166
Facsimile (904) 346-5445
Attorneys for Defendants
eService: eService@oharalawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to Brian W. Davey, Esquire, and Kacie K. Hutchinson, Esquire, at 1300 Riverplace Boulevard, Ste. 101, Jacksonville, FL 32207, via eservice at brian@sdtriallaw.com and Kacie@sdtriallaw.com on this 5th day of March, 2018.

Brian M. Guter